# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOANNA MARTINEZ-ARGUELLO,

    Plaintiff,

                                                                                           Civil No. 02-0263 WJ/LCS

v.

THE UNITED STATES OF AMERICA,
LEE BOWMAN, in his official capacity as an
agent of the U.S. Government, and
LOVELACE HEALTH SYSTEMS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion to Dismiss by Defendants United States of America and Lee Bowman, filed on July 22, 2002 **(Doc. 13)**. Defendants move for dismissal of Counts I and II. Having considered the parties' briefs and the applicable law, I find that Defendants' motion has merit, but is denied at this time without prejudice for reasons given below.

Plaintiff frames this lawsuit as a violation of her constitutional right to privacy under the Bivens doctrine and as an action under the Federal Tort Claims Act, 28 U.S.C. § 1346 against Defendants United States of America and Lee Bowman (Counts I and II, respectively). Additionally, Plaintiff asserts state tort claims of negligence and intentional infliction of emotional distress against Defendant Lovelace Health Systems, Inc. (Lovelace) based on the wrongful disclosure of her medical records without her authorization or consent (Counts III and IV, respectively).

**Background**

Viewing the alleged facts as true,[1] they are reminiscent of archetypal "Rambo" tactics -- or in the very least, are a study in "overkill" – in what was essentially the Government's attempt to execute a warrant for the arrest of Mrs. Arguello's husband Raymond Arguello, who had allegedly violated the terms of his supervised release from a federal conviction.

Sometime before December 26, 2000, Bowman and other federal agents obtained Plaintiff's medical information from an employee or agent of Lovelace, and discovered that Plaintiff, who was eight months pregnant, was scheduled for a prenatal checkup and examination at Lovelace Hospital on December 26, 2000. Plaintiff showed up for the appointment accompanied by Raymond and both proceeded to the examination room, where Plaintiff disrobed and put on a disposable gown which did not fully cover her, given the size of her stomach at the time. While Plaintiff was sitting on top of the examination table waiting for the examination to begin -- with Raymond also in the room, Bowman and approximately nine other plain-clothed federal agents, along with two uniformed police officers, burst into the room with weapons drawn. Bowman refused Plaintiff's request to cover her exposed body and genital area, and told her to "shut up and not to move." Compl. at § 15. Plaintiff alleges that she asked for permission to cover herself three times, but was refused each time. She refused consent when the agents asked her if they could search her belongings. Id.

Plaintiff's claims are based on the unauthorized disclosure of her medical records (against

---

[1] The Court must accept as true all well-pleaded facts alleged in Plaintiffs complaint when addressing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Yoder v. Honeywell Inc., 104 F. 3d 1215, 1224 (10th Cir.), cert. denied, 522 U. S. 812, 118 S. Ct. 55 (1997).

Lovelace only), the wrongful use of these confidential records to apprehend her husband, her right to bodily privacy and the emotional consequences of keeping her under threat of gunfire during entire the entire incident, which lasted approximately twenty minutes.

**Discussion**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318, 321 (10th Cir. 1985) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States is entitled to sovereign immunity unless it has consented to be sued. U.S. v. Sherwood, 312 U.S. 584, 590-91 ( 1941). Under the FTCA, the United States has waived immunity for injuries to persons resulting from the negligent actions of its employees when they are caused by a federal employee acting within the scope of his federal employment. 28 U.S.C. §1346(b).[2] This waiver of immunity should be neither extended nor narrowed beyond that which Congress intended. U.S. v. Kubrick, 444 US 111, 117-18 (1979). If Congress has not explicitly created a right of action, and if it has created other remedies to vindicate the particular rights being asserted, courts will leave the parties to the remedies Congress has explicitly created for them. McIntosh v. Turner, 861 F.2d 524, 526 (8th Cir. 1988).

---

[2] A waiver of immunity under the FTCA is limited to "civil actions. . . for . . . personal injury or death caused by the *negligent or wrongful act or omission* of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." § 28 U.S.C. § 1346(b)(1) (emphasis added).

The remedy against the United States provided by the FTCA is exclusive of any other civil action or proceeding for money damages against the federal employee whose act or omission gave rise to the claim. Green v. Hall, 8 F. 3d 695, 698 (9th Cir. 1993); 28 U. S. C. § 2679(b)( 1). The only exceptions to this rule are Bivens actions, seeking compensation for constitutional violations, and actions brought to recover damages for the violation of a federal statute which authorizes recovery against an individual. U.S. v. Smith, 499 U. S.160, 166-67 (1991); 28 U.S.C. § 2679(b)(2).

Against this legal framework, then, it is clear that plaintiffs must carefully distinguish the nature of the claims they bring against the United States and its employees. Thus, constitutional torts such as "invasion of privacy" and "outrageous conduct"[3] as alleged in Count I of the complaint are appropriately brought against an individual plaintiff rather than against the United States in a FTCA claim, since the FTCA does not contain a waiver of sovereign immunity for constitutional torts. On the other hand, Defendant Bowman is not a proper party to Plaintiff's claims brought under the FTCA. See 28 USC § 2679(d)(1)) ("any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant").

Defendants also argue that since the caption in the case specifies that Bowman is being sued solely in his official capacity as an agent of the U.S. government[,]" Plaintiff is precluded from bringing a Bivens claim. Chapoose v. Hodel, 831 F.2d 931, 935 (10th Cir. 1987); La

---

[3] It is not clear what the constitutional basis of these claims are, although they appear to be based on the First Amendment and more generalized notions of substantive due process under the Fifth Amendment.

Compania Ocho, Inc., v. U.S. Forest Serv., 874 F.Supp. 1242, 1245 (D.N.M. 1995) (Bivens claims only applies against the individual in his individual capacity"). However, in discerning whether a lawsuit is against a defendant personally or in his official capacity, a caption may be informative but is not dispositive. Pride v. Does, 997 F.2d 712, 715-16 (10th Cir. 1993). At the same time, I am not inclined to construe Plaintiff's claim against Bowman as pled against him in his individual capacity, given Plaintiff's other pleading inadequacies.[4]

Accordingly, I find that both Counts I and II are defective in their pleading and are thus subject to summary dismissal. Count I alleges a constitutional tort against the United States under 28 U.S.C.§ 1346 (the FTCA), for which no waiver of sovereign immunity exists, and against Bowman, who is not an appropriate party in claims brought under the FTCA -- whether named in his individual or official capacity. Count II impermissibly alleges a civil rights claim (Bivens claim) against the United States and against an individual who was sued only in his official capacity.[5] Nevertheless, the facts as alleged by Plaintiff form the basis for a claim, although the legal contours of the claim are not clear. Plaintiff has requested, and will be granted, an opportunity to amend the complaint to correct the deficiencies pointed out in my discussion above. See McKinney v. Okla. Dep't. of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991) (court may afford plaintiff the opportunity to amend complaint before dismissing under Rule 12(b)(6)).

---

[4] Along with Defendants, I also note that Plaintiff is under the mistaken notion that suing Bowman personally (in his individual capacity) constitutes a waiver of sovereign immunity. Resp. at 6. It does not. As mentioned above, a claim brought under the FTCA must come within the parameters of the waiver set forth in 28 U.S.C. § 1346(b)(1). See n. 2, above.

[5] A suit against Bowman in his official capacity is simply "another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985). At present, alleging a Bivens claim in Count II against Bowman is tantamount to bringing a Bivens claim against the United States.

Plaintiff is afforded *thirty days from the day this Order is filed* in which to do so.

**THEREFORE,**

**IT IS ORDERED** that Motion to Dismiss by Defendants United States of America and Lee Bowman **(Doc. 13)** is hereby DENIED WITHOUT PREJUDICE AT THIS TIME, in order to allow Plaintiff an opportunity to amend, which shall be done *within thirty (30) days from the day this Order is filed*, after which time Defendants may renew their motion to dismiss.

_____
UNITED STATES DISTRICT JUDGE